IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTIAN HAMMERSON,

           Plaintiff,

v.

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ASSET
SECURITIES CORPORATION
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-W1,
and RICHARD B. MANER, P.C.,

           Defendants.

1:13-cv-2983-WSD

## OPINION AND ORDER

This matter is before the Court on U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-1's ("U.S. Bank") Notice of Removal [1].

**I.    BACKGROUND**

On August 2, 2013, Plaintiff Christian Hammerson ("Plaintiff"), a citizen of Georgia, filed his Complaint [1.1] in the Superior Court of Fulton County, Georgia, asserting the following state-law claims against U.S. Bank and Richard B. Maner, P.C. ("Maner") (together, "Defendants"), a Georgia law firm: wrongful

foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and invasion of privacy.[1]  Plaintiff's claims are based on perceived defects in the foreclosure proceedings initiated by Defendants.  Plaintiff seeks declaratory, equitable and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

On September 6, 2013, U.S. Bank removed the Fulton County action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).  U.S. Bank asserts that complete diversity exists among the parties because Maner, the only in-state defendant, was fraudulently joined to defeat federal subject-matter jurisdiction.

## II.   DISCUSSION

### A.   Subject-matter jurisdiction

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction

---

[1] Plaintiff's Complaint also generally references "Tresspass, Wrongful Repossession, Conversion, and violations of the Georgia Racketeer Influenced and Corrput Organizations Act (RICO)."  (Compl. at 1, 2).

*sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a).  Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Here, Plaintiff's Complaint asserts only state law claims and the Court could have only diversity jurisdiction over the action.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  U.S. Bank asserts that there is complete diversity in this action because Maner, even though it shares Georgia citizenship with Plaintiff, was fraudulently joined to defeat federal subject-matter jurisdiction because "any claims raised against Maner would be frivolous."  (Notice of Removal at 4).

The Court disagrees. The Eleventh Circuit has stated:

> When alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. We have emphasized that the burden on the removing party is a heavy one. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in the substantive law in favor of the plaintiff. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court. Thus, when considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.

Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) (internal quotations and citations omitted).

U.S. Bank argues that Plaintiff cannot seek relief against Maner because "[t]he sole involvement that [it] has with the facts addressed in the Complaint is that [it] allegedly sent defective notice as an agent of U.S. Bank." (Notice of Removal at 4). In Georgia, a law firm may be held liable, under certain circumstances, for its misconduct in conducting or attempting to conduct a wrongful foreclosure sale. See, e.g., Morgan v. Ocwen Loan Serv., LLC, 795 F. Supp. 2d 1370, 1376-77 (N.D. Ga. 2011); McCarter v. Bankers Trust Co.,

4

543 S.E.2d 755, 756-57 (Ga. Ct. App. 2000); Ga. Real Estate Finance and Foreclosure Law § 8:11 ("A law firm that conducts a wrongful foreclosure may be liable, in certain circumstances, for damages.").

To the extent U.S. Bank argues that Maner was fraudulently joined because Plaintiff's Complaint does not allege a separate claim against Maner and generally does not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, in determining whether there is no possibility that a plaintiff can establish a cause of action against a resident defendant, a district court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." See Ullah v. BAC Home Loans Serv. LP, 538 F. App'x 844, 846 (11th Cir. 2013) (quoting Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332) (11th Cir. 2011)). "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms.  Pleading conclusions, rather than facts, may be sufficient to state a claim for relief." Id. (internal quotations and citations omitted); see also Stillwell, 663 F.3d at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs . . . ."). U.S. Bank fails to

5

show that there is no possibility that a Georgia state court could find that Plaintiff adequately pleaded a viable claim against Maner. Complete diversity does not exist among the parties and the Court lacks subject-matter jurisdiction over Plaintiff's Complaint. This action is required to be remanded to the Superior Court of Fulton County. See 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Superior Court of Fulton County, Georgia.

**SO ORDERED** this 5th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE